**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

MARTIN HARRY MCGEE,

     Plaintiff,

-vs-                                Case No.

EXPERIAN INFORMATION
SERVICES, INC.; TRANS UNION LLC;
and BARCLAYS BANK DELAWARE,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, MARTIN HARRY MCGEE (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EXPERIAN INFORMATION SERVICES, INC. (hereinafter "Experian"); TRANS UNION LLC, (hereinafter "Trans Union"), and BARCLAYS BANK DELAWARE (hereinafter "Barclays") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1.     This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer, like Plaintiff, disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION, VENUE, AND PARTIES

6.  The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. §1331.

7.  Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.  Venue is proper in this District as Plaintiff is a natural person and resident of Lee County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.  Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

11.  Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

12.  Experian disburses such consumer reports to third parties under contract for monetary compensation.

13.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida, through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

14.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

15.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

16.     Barclays is an FDIC insured state-chartered bank 125 S. West Street in Wilmington, Delaware 19801 that upon information and belief conducts business in the State of Florida.

17.     Barclays is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

18.     Barclays furnished information about Plaintiff to Experian and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

19.     Plaintiff is alleged to owe a debt to Barclays, partial account number 000193*, as to a credit card (hereinafter "Barclays Account").

20.   On or about November 14, 2013, Plaintiff opened the Barclays Account, and Plaintiff consistently made timely payments.

21.   On or about November 9, 2018, Plaintiff closed the Barclays Account which had a zero balance.

22.   Plaintiff is a real estate investor with a significant portfolio of commercial properties, and Plaintiff relies on an excellent credit history to finance such properties to maintain and grow his business.

23.   On or about February 17, 2024, Plaintiff received a notice from non-party, Tower Hill Insurance, notifying him that his insurance premium had been negatively affected and was increased following a review of his consumer report.

24.   In or about Spring 2024, much to his surprise, Plaintiff applied and was denied for new lines of credit and received notices of reduced lines of credit.

25.   On or about April 24, 2024, Plaintiff obtained a copy of his Experian credit report. Upon review, Plaintiff observed a reduced credit score of 611, and the closed Barclays Account was reported with status of past due and balance of $6,249.

26.   Shortly thereafter, Plaintiff contacted Barclays and was informed that the balance was due to a cashed "convenience check" in the amount of $6,000. Plaintiff explained he never cashed that check and never received the funds. However, Plaintiff was passed along to several supervisors and was continuously "brushed off".

27.    Eventually, a fraud investigator was assigned and notified Plaintiff that an investigation would take approximately three (3) months. However, Plaintiff did not receive any results of this alleged investigation.

28.    In or about May 2024, Plaintiff contacted Experian to dispute the erroneous balance of the Barclays Account.

29.    On or about May 10, 2024, Plaintiff received dispute results from Experian which stated the Barclays Account was verified and updated but continued to report the erroneous balance.

30.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

31.    Experian never attempted to contact Plaintiff during the alleged investigation.

32.    Upon information and belief, Experian notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

33.    On or about May 17, 2024, Plaintiff obtained a copy of his Trans Union credit report which also reported the Barclays Account with a status of 120 days past due and balance of $6,397.

34.     Immediately, Plaintiff contacted Trans Union and disputed the inaccurate Barclays Account.

35.     On May 21, 2024, Plaintiff received dispute results from Trans Union which stated the Barclays Account was verified and updated but continued to report the account was past due with erroneous balance of $5,500.

36.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

37.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

38.     Upon information and belief, Trans Union notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

39.     On May 22, 2024, Plaintiff received another letter from non-party, Tower Hill Insurance, notifying him that his insurance premium regarding a different property had been negatively affected and increased following a review of his consumer report.

40.     On or about August 7, 2024, Plaintiff received a collection notice from non-party, NorthStar Location Services LLC, attempting to collect the alleged debt of $5,773.54 on behalf of Barclays.

41.     On or about August 26, 2024, Plaintiff obtained an updated copy of his Experian credit report. Upon review, Plaintiff observed the Barclays Account was reported with a status of charge off and balance of $5,773.

42.     On or about August 26, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 176674369. In this report, he explained that he was a victim of identity theft and that the Barclays Account was appearing in his credit report with an erroneous balance.

43.     On or about September 5, 2024, Plaintiff mailed a detailed dispute letter to Experian and Trans Union regarding the inaccurate reporting. In the letter, Plaintiff advised that the Barclays Account was not accurate and that the debt they were claiming Plaintiff owed was not valid. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

44.     Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (9407 1112 0620 5860 0217 22) and Trans Union (9407 1112 0620 5860 0510 71).

45.     On or about September 13, 2024, Trans Union responded to Plaintiff's detailed dispute letter erroneously alleging that the letter did not appear to come from Plaintiff or an authorized third party.

46.   On or about October 3, 2024, Plaintiff received dispute results from Experian which stated the Barclays Account was updated but continued to report the erroneous balance.

47.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

48.   Experian never attempted to contact Plaintiff during the alleged investigation.

49.   Upon information and belief, Experian notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

50.   Despite confirmation of delivery, Plaintiff did not receive dispute results from Trans Union. However, upon review of his updated credit report, Plaintiff observed the Barclays Account continued to be reported with the erroneous balance.

51.   On or about October 16, 2024, Plaintiff contacted Trans Union to request his dispute results. However, the representative advised Plaintiff that the dispute was not investigated since Trans Union did not have verification from Plaintiff that he mailed the detailed dispute letter and advised Plaintiff to submit a dispute online to verify his identity.

52.     Plaintiff provided enough information to Trans Union to identify his file and to handle the dispute. Trans Union failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

53.     Immediately, Plaintiff submitted a dispute online with Trans Union regarding the erroneous balance of the Barclays Account balance.

54.     Due to the continued inaccurate reporting, on or about October 17, 2024, Plaintiff also mailed a second detailed dispute letter to Trans Union. In the letter, Plaintiff reiterated that the Barclays Account was not accurate and that the debt they were claiming Plaintiff owed was not valid. To confirm his identity, Plaintiff provided images of his driver's license and U.S. Passport in the letter. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, and other supporting documents.

55.     Plaintiff mailed his second detailed dispute letter to Trans Union via USPS Certified Mail, tracking number 9407 1112 0620 5480 9628 01.

56.     On or about October 18, 2024, Plaintiff received dispute results from Trans Union as to his online dispute which stated the Barclays Account was verified and updated but continued to report the erroneous balance of $5,773.

57.      Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

58. Trans Union never attempted to contact Plaintiff during the alleged investigation.

59. Upon information and belief, Trans Union notified Barclays of Plaintiff's dispute. However, Barclays failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

60. As of the filing of this Complaint, Plaintiff has not received dispute results from Trans Union as to his second detailed dispute letter.

61. Despite Plaintiff's best efforts to have the erroneous reporting corrected, Experian and Trans Union continue to inaccurately report the Barclays Account in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

62. Experian and Trans Union have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, Barclays.

63. Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

64. Due to the inaccurate credit reporting, Plaintiff's business and livelihood has been significantly and negatively impacted.

65.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.   Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.   Loss of time attempting to cure the errors;

    iii.   Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.   Reduction in credit score and increases in insurance premiums;

    v.   Denials for new lines of credit; and

    vi.   Apprehensiveness to apply for credit due to fear of rejection;

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Services, Inc. (Negligent)**

66.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

67.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

68.     Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

69.     Upon information and belief, Experian does not allow its representatives to call consumers (like Plaintiff) during the dispute process or call witnesses with knowledge about the dispute.

70.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

71.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

72.     Experian violated its own policies and procedures by not deleting the erroneous account balance when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

73.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

74.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

75.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT II
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Services, Inc. (Willful)**

76.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

77.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

78.     Experian allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

79.     Upon information and belief, Experian does not allow its representatives to call consumers (like Plaintiff) during the dispute process or call witnesses with knowledge about the dispute.

80.     Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

81.     Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

82.     Experian violated its own policies and procedures by not deleting the erroneous account balance when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

83.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

84.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

85.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual or statutory damages, and punitive damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

86. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

87. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification a source it has to know is unreliable.

88. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

89. Plaintiff provided Experian with the information it needed to confirm the balance of the Barclays tradeline was inaccurate and fraudulent. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

90. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

91. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

92. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, the Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SERVICES, INC., award Plaintiff his attorney's fees and costs; for pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and such other relief the Court does deem just, equitable, and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

93. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

94. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification a source it has to know is unreliable.

95. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

96. Plaintiff provided Experian with the information it needed to confirm the balance of the Barclays tradeline was inaccurate and fraudulent. Experian

ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

97.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

98.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

99.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT V**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

100. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

101. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

102. Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

103. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

104. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

105. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

106. Trans Union violated its own policies and procedures by not deleting the erroneous account balance when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

107. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit

from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

108.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

109.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

110.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

111.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

112. Trans Union allowed for a Furnisher to report inaccurate and erroneous account information to Plaintiff's credit file.

113. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

114. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

115. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

116. Trans Union violated its own policies and procedures by not deleting the erroneous account balance when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

117. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

118. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

119. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC, jointly and severally; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT VII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Negligent)

120. Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

121. After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit

file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

122.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

123.    Plaintiff provided Trans Union with the information it needed to confirm the balance of the Barclays tradeline was inaccurate and fraudulent. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

124.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

125.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

126.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VIII
### Violation of 15 U.S.C § 16811i as to
### Defendant, Trans Union LLC (Willful)

127.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

128.    After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

129.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

130.   Plaintiff provided Trans Union with the information it needed to confirm the balance of the Barclays tradeline was inaccurate and fraudulent. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

131.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

132.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

133.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual or statutory damages and punitive damages against

Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Barclays Bank Delaware (Negligent)

134. Plaintiff re-alleges and reincorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

135. Barclays furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

136. After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

137. Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account balance was erroneous and fraudulent.

138.  Barclays knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

139.  Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

140.  As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

141.  The conduct, action, and inaction of Barclays was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

142.  Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual damages against Defendant, BARCLAYS BANK DELAWARE; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT X
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Barclays Bank Delaware (Willful)

143.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

144.   Barclays furnished inaccurate account information to Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

145.   After receiving Plaintiff's disputes, Barclays violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

146.   Plaintiff provided all the relevant information and documents necessary for Barclays to have identified that the account balance was erroneous and fraudulent.

147.   Barclays knowingly chose to follow procedures which did not review, confirm, or verify the account balance was accurate.

148.   Barclays violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

149.   As a direct result of this conduct, action, and/or inaction of Barclays, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; reduction in credit score; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and inaction of Barclays was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

151.   Plaintiff is entitled to recover costs and attorney's fees from Barclays in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, BARCLAYS BANK DELAWARE; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MARTIN HARRY MCGEE, respectfully requests that this Court award judgment for actual, statutory, and punitive damages against Defendants, EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION LLC; and BARCLAYS BANK DELAWARE, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 26th day of October 2024.

Respectfully submitted,

**/s/ *Octavio Gomez***
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

**s/ *Frank H. Kerney, III, Esq.***
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Ste 610
Tampa, Florida 33602
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*